**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| MICHAEL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01217-SHM-tmp |
| | ) | |
| DAVID HINNINGER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR SANCTIONS, OR IN THE ALTERNATIVE,
MOTION TO DIMISS**

Before the Court is Defendant Tasma Robertson's Motion for Sanctions, or in the Alternative, Motion to Dismiss. (ECF No. 22.) For the reasons explained below, the Motion is GRANTED.

I.    **Background**

On July 25, 2023, Plaintiff Michael Robinson, a *pro se* prisoner, filed a fee-paid Complaint pursuant to 42 USC § 1983 alleging deliberate indifference to his medical needs by prison officials at Whitesville Correctional Facility (WCFA). (ECF No. 1.) Plaintiff filed his Complaint in the Middle District of Tennessee and sued twelve defendants employed at WCFA and CoreCivic in their individual and official capacities. (Id.)

On October 10, 2023, the Middle District of Tennessee found venue proper in the Western District of Tennessee and

transferred the case. (ECF No. 6.) On October 23, 2023, Plaintiff moved to amend his complaint to dismiss all Defendants except Tasma Robertson and her Insurance Provider. (ECF No. 9.)

On September 13, 2024, the Court granted the Motion to Amend. (ECF No. 11.) The Court dismissed the official capacity claims against Robertson and the claims against her unknown insurance provider with prejudice and proceeded Plaintiff's individual capacity claims against Robertson. (Id.)

On September 17, 2024, summons issued for Defendant Robertson and was returned executed September 25, 2024. (ECF Nos. 12, 15.) On October 8, 2024, Defendant Robertson answered the Complaint. (ECF No. 17.)

On October 15, 2024, Defendant mailed interrogatories and requests for production of documents to Plaintiff at WCFA. (ECF No. 18-2.) Plaintiff did not respond. (ECF No. 18-1 at 2.) On December 18, 2024, Defendant sent a follow-up letter. (ECF No. 18-3.) Plaintiff again did not respond. (ECF No. 18-1 at 2.) On January 6, 2025, Defendant moved to compel Plaintiff's responses to Defendant's discovery requests. (ECF No. 18.) Plaintiff did not respond to the Motion. On August 21, 2025, the Court granted the Motion to Compel. (ECF No. 21.) The Court's Order directed Plaintiff to respond to Defendant's discovery requests on or before September 11, 2025, and warned

2

Plaintiff that failure to comply could result in the dismissal of his case. (ECF No. 21 at 2.) To date, Plaintiff has not complied with the Order.

On October 3, 2025, Defendant filed the instant Motion. (ECF No. 22.) Defendant asks the Court to dismiss the case with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with the Court's Order compelling discovery response or, in the alternative, to dismiss the case for failure to prosecute under Fed. R. Civ. P. 41(b). (Id.) Plaintiff has not responded to the Motion.

## II.  Standard of Review

Under Federal Rule of Civil Procedure 37(b)(2)(A), a court can impose sanctions for a party's failure to comply with discovery orders. ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 582 (6th Cir. 2018) (citing Fed. R. Civ. P. 37(b)(2)(A)). Potential sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A).

Under Federal Rule of Civil Procedure 41(b), a court, on the motion of defendant or *sua sponte*, can "dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." Schafer v. City of

3

Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (citing Fed. R. Civ. P. 41(b)).

To determine whether dismissal is appropriate under Rule 37(b)(2)(A) or Rule 41(b), a court considers four factors: (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were considered and are available and appropriate. United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002).

**III. Analysis**

All four Reyes factors support dismissal of Plaintiff's case under Rules 37(b) and 41(b).

**A.    Willfulness, Bad Faith, or Fault**

Plaintiff's failure to respond to Defendant's discovery requests, comply with the Court's Order granting the Motion to Compel, or otherwise prosecute his case demonstrates willfulness and fault.

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" Wu v.

4

T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (quoting

Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir.

2001)).

In the absence of a response or explanation from

Plaintiff, the Court is unable to determine why Plaintiff has

failed to comply with discovery requests and the Court's Order.

See Hogan v. Discover Bank, No. 1:19-cv-298, 2020 WL 4208235,

at *2 (E.D. Tenn. July 22, 2020) ("[Plaintiff's] silence. . .

deprives the Court of any insight into the reasons for her

failures to date.").

However, even where a court lacks an explanation of a

plaintiff's failure, the failure to comply with court orders or

respond to discovery requests supports a finding of willfulness

and fault.[1] See, e.g., Church v. White, No. 21-1001-SHM-cgc,

2022 WL 17475780, at *4 (W.D. Tenn. Dec. 6, 2022) ("Even if

[Plaintiff's] failure to comply with the Court's . . . Order

were not driven by bad faith, his failure would reflect

'willfulness and fault' for purposes of Rule 41(b)."); Hatcher

v. Dennis, No. 1:17-cv-01042-JDB-egb, 2018 WL 1586235, at *1

(W.D. Tenn. Mar. 30, 2018) ("Even where there is no clear

---

[1] That is true even if a plaintiff did not receive the court order due to a
failure to update his address. See, e.g., Gomez v. Deangelo, No. 18-14080,
2020 WL 7038612, at *2 (E.D. Mich. Apr. 2, 2020) ("After invoking the
processes of this Court, [Plaintiff] had an affirmative duty to apprise the
Court of his mailing address and to monitor the docket. His violation of
that duty supports a dismissal for failure to prosecute.").

evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault."); Bowman v. Corr. Corp. of Am., No. 1:12-0012, 2013 WL 3306215, at *3 (M.D. Tenn. July 1, 2013) (*pro se* plaintiff's failure to respond to discovery requests supported a finding of willfulness and fault); Hanners v. Jones, No. 3:06-cv-0613, 2007 WL 2710694, at *3 (M.D. Tenn. Sept. 13, 2007) (same).

Here, Plaintiff's failure to respond to Defendant's discovery requests and to comply with the Court's Order compelling a response demonstrates willfulness and fault.

Plaintiff's failure to prosecute his case also supports a finding of willfulness and fault. Not only has Plaintiff failed to respond to Defendant's discovery requests or comply with the Court's Order, but Plaintiff also has not responded to Defendant's motions, communicated with the Court or Defendant, or advanced his case for more than two years. Plaintiff's last discernible activity in this case and last documented contact with the Court was on November 1, 2023, when he filed a motion requesting approval of subpoena and summons. (ECF No. 10.)

Courts find the first factor met where a plaintiff's conduct "indicates an intention to let his case lapse." Schafer, 529 F.3d at 739; see Hogan, 2020 WL 4208235, at *1-2 (first factor satisfied where plaintiff failed to take any action in the case or communicate with defendant or the court

for seven months). Plaintiff's failure to prosecute his case for more than two years "demonstrates a reckless disregard for how his actions, or inactions, impact his case." Stephens v. Page, No. 2:24-cv-35, 2024 WL 2701961, at *2 (S.D. Ohio May 24, 2024).

Plaintiff's *pro se* prisoner status does not excuse his failure to comply with court orders, respond to discovery requests, or diligently prosecute his case. See Bowman, 2013 WL 3306215, at *3 ("[P]roceeding *pro se* does not relieve a litigant from the basic obligations required of all parties"); Davis v. Bilbrey, No. 3:10-cv-01147, 2012 WL 2947587, at *2 (M.D. Tenn. July 19, 2012) ("The less stringent standards applied to *pro se* pleadings do not extend to pretrial orders or rules that do not require 'some degree of legal training or, at least, familiarity with applicable legal principles.'")(quoting Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991)).

The first factor supports dismissal.

### B. Prejudice to Defendant

Defendant has been prejudiced by Plaintiff's failure to comply with discovery and prosecute his case. "[A] defendant is prejudiced by the plaintiff's conduct where the defendant waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." Shavers v. Bergh, 516 F. App'x 568, 570 (6th Cir. 2013)

(quoting Schafer, 529 at 737). "[A]bandoning claims . . . causes prejudice to the opposing party in the context of a 41(b) dismissal." Hatcher, 2018 WL 1586235, at *2 (citation omitted).

Defendant propounded discovery requests on October 15, 2024. Defendant filed a Motion to Compel on January 26, 2025, and filed the instant Motion for Sanctions on October 3, 2025. After a year and a half, Defendant awaits proper discovery responses and has been unable to prepare a defense to the claims asserted against her. (ECF No. 22-1 at 2, 4.) Defendant has spent significant time, money, and effort in an attempt to force Plaintiff to comply with orders and rules that Plaintiff was already legally obligated to follow. See Schafer, 529 F.3d at 737.

The second factor supports dismissal.

## C.  Prior Warning

Plaintiff was warned that his failure to cooperate with discovery and comply with Court orders could lead to the dismissal of his case.

"Whether a party was warned that failure to cooperate could lead to dismissal 'is a key consideration' in the [dismissal] analysis." Church, 2022 WL 17475780, at *4 (quoting Schafer, 529 F.3d at 740).

8

The Court has expressly warned Plaintiff of the sanction of dismissal on two occasions.

In the Court's September 13, 2024 Order dismissing in part and proceeding in part Plaintiff's claims, the Court instructed Plaintiff to familiarize himself with the Federal Rules of Procedure and the Court's Local Rules and to promptly inform the Clerk of any change in his address. (ECF No. 11 at 15.) The Court cautioned that "[f]ailure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice." (Id. at 16.)

In the Court's August 21, 2025 Order granting Defendant's Motion to Compel, the Court warned Plaintiff that "[f]ailure to comply with this Order and the discovery process may result in sanctions up to and including dismissal of this action." (ECF No. 21 at 2.)

The third factor supports dismissal.[2]

### D.    Lesser Sanctions

The Court has considered sanctions less drastic than dismissal. In the Motion to Compel, Defendant sought her

---

[2] Courts find this factor satisfied even if the warning did not reach a plaintiff due to his failure to update his address with the court. See, e.g., Stephens, 2024 WL 2701961, at *2; Sullivan v. Waffle House, No. 1:06-cv-63, 2006 WL 3007360, at *2 (E.D. Tenn. Oct. 19, 2006) (dismissing action although the court's warnings did not reach the plaintiff due to his failure to update his address).

reasonable expenses incurred in bringing the Motion. (ECF No. 18.) The Court concluded that an award of costs against a *pro se* prisoner would not be in the interest of justice and declined Defendant's request. (ECF No. 21 at 2-3.)

No lesser sanction than dismissal is appropriate given Plaintiff's apparent abandonment of his case. See, e.g., Hines v. D&S Residential Servs., No. 14-1266, 2015 WL 9239007, at *3 (W.D. Tenn. Dec. 17, 2015) (fourth factor weighed in favor of dismissal where plaintiff appeared to have abandoned his claim). Because Plaintiff appears to have abandoned his Complaint, a lesser sanction will not "cure plaintiff's failure to prosecute this matter" and "convinc[e] him to move toward a final resolution of his claims." Robinson v. Comm'r of Soc. Sec., No. 11-cv-2195-SHM-tmp, 2017 WL 6539447, at *2 (W.D. Tenn. Dec. 21, 2017); Hatcher, 2018 WL 1586235, at *2; Sullivan, 2006 WL 3007360, at *2 ("[E]ven if the Court were to implement sanctions less drastic than dismissal, the case would remain stalled . . . .")

All four factors weigh in favor of dismissal of Plaintiff's case.  This case should be dismissed with prejudice under Federal Rules 37(b) and 41(b).

## IV.    Conclusion

Defendant's Motion for Sanctions, or in the Alternative, Motion to Dismiss. (ECF No. 22.) is GRANTED. This case is DISMISSED with prejudice.


SO ORDERED this   16th   day of April, 2026.

/s/  *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE